UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:
Mary L. McCartney,                                                         Bk. No. 17-10694-BAH
    Debtor                                                                    Chapter 13

**CHAPTER 13 PLAN**
**DATED MAY 12, 2017**

**X**    If this box is checked, this plan contains certain special provisions set out in paragraph 13 below. Otherwise, the plan includes no provisions deviating from LBF 3015-1A, the model plan in effect at the time of the filing of the plan in this court.

Debtor: _____Mary L. McCartney_____ SS # xxx-xx-0840
Joint Debtor:_____ SS # xxx-xx-_____

1. **PLAN PAYMENTS**

    The applicable commitment period pursuant to 11 U.S.C. § 1325(b)(4) is not less than **5** years.  This is a **60** month plan.

    | | |
    |---|---:|
    | Plan payments - Debtor to pay to trustee monthly: | $807.00 |
    | Number of months: | x 60 |
    | Total of monthly plan payments: | $48,420.00 |

    In addition, for each year during the term of the plan, all tax refunds in excess of $1,200 will be remitted within fourteen (14) days of receipt to the trustee as additional disposable income to fund the plan.  Deviation from this requirement in a given year will be considered by the court only upon the filing of a motion asserting extenuating circumstances; any such motion must be filed within thirty (30) days of the date of the filing of the tax return at issue.

2. **ADMINISTRATIVE CLAIMS**

    Trustee's fee pursuant to 11 U.S.C. § 1302 and debtor's attorney's fees:

    A.    Trustee's estimated fees and expense (10% of the total to be paid):      $ _4,842.00___
    B.    Attorney's fee and expenses requested to be paid through the plan,
           payable pursuant to AO 2016-1, notwithstanding 11 U.S.C. § 1325(a)(5)(B)(iii):    $__0.00_____

    C.    Other:      $_____

3. **DOMESTIC SUPPORT OBLIGATIONS**

    The following DSO claims will be paid in full through the plan:

    | Creditor | Estimated Total Prepetition Arrearage Claim |
    |---|---|
    | _____ | $_____ |
    | _____ | $_____ |

LBF 3015-1A (Eff. 11/1/16)

1

4. **PRIORITY CLAIMS**

| Creditor | Interest Rate | Estimated Total Prepetition Claim |
|---|---|---|
| _____ | _____% | $_____ |
| _____ | _____% | $_____ |

5. **SECURED CLAIMS (PRIMARY RESIDENCE)**

   Residence located at:  __57 Great Oak Drive, Chester, New Hampshire 03036_____

   Debtor estimates the fair market value of such primary residence to be: $270,000.00

   Since the debtor seeks to retain the collateral, and for the lien to remain in full force and effect, the claim will be treated in one of the following two manners:

   ( )  Outside the plan.  The mortgage is current and will continue to be directly payable by the debtor.
OR
   ( X )  The mortgage is not current.  Regular postpetition payments will be made directly by the debtor and the prepetition arrearage only is to be paid through the plan, as follows:

| Mortgagee | Estimated Total Prepetition Arrearage |
|---|---|
| 1st __Seterus, Inc. (Servicer for Fannie Mae)_____ | $ 42,173.25 |
| 2nd _____ | $_____ |
| 3rd _____ | $_____ |

6. **SECURED CLAIMS (OTHER)**

   Current regular payments are to be made directly by the debtor.  Prepetition arrearage amounts, if any, are to be paid through the plan:

| Name of Creditor | Description of Collateral | Estimated Total Prepetition Arrearage |
|---|---|---|
| Workers Credit Union_____ | __Lincoln MKZ_____ | $ 0.00 |
| _____ | _____ | $_____ |

7. **SECURED CLAIMS TO BE MODIFIED**

   The following claims are modifiable under the provisions of the Bankruptcy Code and shall be paid through the plan as indicated.

   Name of Creditor:      Sovereign Bank (now Santander)_____
   Collateral:            Second Mortgage on residence - 57 Great Oak Drive, Chester, NH
   Valuation:             $270,000 based on Comparative Market Analysis
   Proposed Treatment:    _Strip Mortgage from the Real Estate_____

   Name of Creditor:      _____
   Collateral:            _____
   Valuation:             _____
   Proposed Treatment:    _____

LBF 3015-1A (Eff. 11/1/16)

8. **SECURED CLAIMS WHERE COLLATERAL TO BE SURRENDERED**

   Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned and such collateral shall be deemed abandoned from the estate.

   Name of Creditor:  _____
   Collateral:        _____

   Name of Creditor:  _____
   Collateral:        _____

9. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

   Executory contracts and unexpired leases are assumed or rejected as follows:

   | Creditor/Lessor Property Description | Assumed/Rejected | Proposed Cure Amount/Period |
   |---|---|---|
   | _____ | _____ | $_____ |
   | _____ | _____ | $_____ |

10. **UNSECURED CLAIMS**

    Unsecured creditors' claims total $64,207.29 (including, if applicable, the unsecured portion of claims modified under paragraph 7).  The percentage to be paid toward these claims will be determined after the bar date for filing claims has passed and will be specified in a motion to allow claims.  Unsecured creditors will begin receiving payment on a *pro rata* basis with any secured arrearage and priority claims after the issuance of such an order.  If all scheduled claims are allowed, the percentage distribution to creditors is estimated at 2.19 %.

11. **GENERAL PLAN PROVISIONS**

    A.  **Duty to Provide Tax Returns:**  The debtor has an ongoing obligation to provide a copy of each federal income tax return (or any request for extension) directly to the trustee within seven (7) days of the filing of the return (or any request for extension) with the taxing authority.

    B.  **Allowance of Claims:**  In the event that a proof of claim is filed in an amount different from the amount listed in this plan, the proof of claim amount shall be deemed to be the correct amount unless the debtor or another party in interest successfully objects to the proof of claim.

    C.  **Property of the Estate and Insurance:**  All property shall remain property of the estate until discharge.  Pursuant to 11 U.S.C. § 1306(b), the debtor will remain in possession of all property of the estate unless a provision of this plan, or an order of this court, specifically states otherwise.  The debtor shall maintain all insurance required by law and contract upon property of the estate and the debtor's property.

    D.  **Retention of Lien:**  All secured creditors shall retain the liens securing their claims unless otherwise stated.

LBF 3015-1A (Eff. 11/1/16)

E. **Application of Payments Under This Plan:**

1. Pursuant to 11 U.S.C. § 524(i), payments received by holders and/or servicers of mortgage claims for ongoing postpetition installment payments shall be applied and credited to the debtor's mortgage account as if the account were current and no prepetition default existed on the petition date, in the order of priority specified in the note and security agreement and applicable non-bankruptcy law. Postpetition installment payments made in a timely manner under the terms of the note shall be applied and credited without penalty.

2. **If a creditor applies payments in a manner not consistent with the terms of this plan, or applies trustee payments to postpetition costs and fees without prior approval of this court, such actions may be a violation of 11 U.S.C. § 524(i).**

F. **Duty of Mortgage Servicer to Provide Loan Information:**

1. Upon written request of the debtor, any mortgage servicer or its successor shall provide to the debtor and/or the debtor's attorney all information with respect to the debtor's mortgage loan as it would provide absent a bankruptcy proceeding, including contractual monthly payment changes. The term "information" as used herein shall include, but is not limited to: (a) a coupon book or monthly statements to help the debtor properly make monthly payments, (b) addresses to which to send payments and to direct inquiries, (c) balance and payoff information if requested, and (d) if applicable, escrow analyses, notices of rate adjustments and the like. The debtor shall not make any claim against the mortgage servicer, the secured creditor or their successors for any violation of the automatic stay or any discharge injunction resulting from its compliance with this section.

2. Upon written request of the debtor's counsel, any of the information requested to be provided to the debtor in paragraph F(1) above shall also be provided to the debtor's counsel.

G. **Release of Certificate of Title Upon Satisfaction of Secured Claim:**

1. Upon satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property of the bankruptcy estate for which the certificate of title is in the possession of a secured creditor, such creditor shall within fourteen (14) days after demand and, in any event, within thirty (30) days of receipt of the notice of the entry of the discharge order, execute a release of its security interest on said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the debtor or to the attorney for the debtor.

2. Confirmation of this plan shall impose an affirmative and direct duty on each such secured creditor to comply with this paragraph. This provision shall be enforced in a proceeding filed before this court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the debtor in this case either before or after the entry of the discharge order and either before or after the closing of this case. The debtor specifically reserves the right to file a motion to reopen this case under 11 U.S.C. § 350 to pursue the rights and claims provided for therein.

12. **LIQUIDATION ANALYSIS**

In the event of a liquidation under chapter 7, I/we would claim the state/federal exemptions, based upon which unsecured creditors would receive 1.43%.

A. **REAL ESTATE: Residential**, located at: 57 Great Oak Drive, Chester, NH

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| Single Family Home | $270,000 | $368,257 | $ | $ 0.00 |
| | | | Total non-exempt value: | $ 0.00 |

**REAL ESTATE: Non-residential**, located at: _____

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | $_____ |
| | | | Total non-exempt value: | $_____ |

B. **NON-EXEMPT TANGIBLE ASSETS**:

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| Automobile, HH Equipment and tools Household Furn., Provisions and Pers Items | $24,973.00 | $15,097.78 | $12,625  522(d)(3) $ 1,200  522(d)(6) $   50  522(d)(4) | $ 915.00 |
| | | | Total non-exempt value: | $ 915.00 |

C. **NON-EXEMPT INTANGIBLE ASSETS**:

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| Deposits in Checking and Savings | $13,098.58 | $_____ | $13,098.58 | $ 0.00 |
| Potential Claim Against Ins Co.s | $Unknown | $_____ | $ 0.00 | $Unknown |
| | | | Total non-exempt value: | $ 0.00 |

LBF 3015-1A (Eff. 11/1/16)

5

**13. SPECIFIC NON-CONFORMING SPECIAL PLAN PROVISIONS (if any):**

  The Debtor intends to file a motion to strip the second mortgage from the property and treat it as unsecured.

  The Debtor will explore whether there is any net value in pursuing a claim against the insurance companies or whether it will be too detrimental to her position as a licensed insurance broker.  The Debtor will notify the Trustee of her conclusions in this regard.

I/We declare under penalty of perjury that the foregoing is true and correct.

Date: May 12, 2017　　　　　　　　　　　　　　/s/ Mary L. McCartney
　　　　　　　　　　　　　　　　　　　　　　　　Mary L. McCartney

Date: _____　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Debtor

LBF 3015-1A (Eff. 11/1/16)